UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:11CR033 JCH |
| ALLEN BROWN, JR., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

The above matter was referred to the undersigned pursuant to 28 U.S.C. §636(b). Presently pending are motions of the Defendant to vacate his previous waiver of pretrial motions, and a motion to suppress evidence and statements.

### **Background**

The Defendant was arraigned before the undersigned on February 18, 2011, and the undersigned entered his Order Concerning Pretrial Motions which stated in bold letters as follows:

> **Failure to timely file motions or requests or to request an extension of time to do so within three (3) days of the deadline set out above will be considered as a waiver of the right of a party to make such motions or requests, as set out in Rule 12(e), Federal Rules of Criminal Procedure.**

Rule 12(e) states that a party waives any defense, objection or request not raised by the deadline the court sets or by any extension the court provides. This may be set aside only upon a showing of good cause. The Public Defender was initially appointed in this case. After two motions for extension of time to file motions, the Public Defender was allowed to withdraw because of a potential conflict. Thereafter, on March 23, 2011, new counsel for the Defendant was appointed. Subsequently, on March 24, 2011, new counsel filed a motion for extension of time to April 18, 2011

to file pretrial motions. On April 18, 2011, the Defendant's counsel filed a written waiver of pretrial motions. In that waiver, counsel stated that he had personally discussed the matter of waiver of pretrial motions with the Defendant, and that the Defendant agreed and concurred in the decision not to raise any issues by way of pretrial motions. Thereafter, on April 26, 2011, the undersigned held a status hearing to make certain that the Defendant wished to waive his pretrial motions. At the status hearing, the Defendant appeared in person and with his counsel. At that hearing, the Defendant's counsel stated that he reviewed the Government's disclosures and discussed them thoroughly with the Defendant. He further stated that, based on these discussions, the Defendant did not wish to raise any issue by way of pretrial motions. Therefore, the Defendant desired to waive pretrial motions. The undersigned then addressed Mr. Brown directly, and asked Mr. Brown if he desired to waive pretrial motions. The Defendant stated he wished to waive pretrial motions. The undersigned then asked the Defendant if he understood in doing that, he would be waiving or giving up his right to challenge the introduction into evidence of any items that had been seized from him by police or other authorities, and further, that he would be waiving the right to challenge the introduction into evidence of any statements he might have made to police or other authorities. The undersigned asked the Defendant, "Do you understand that?" The Defendant replied, "Yes, sir." Based on the written waiver as well as the hearing on the waiver of motions, the undersigned found that the Defendant's waiver was knowingly and voluntarily made, and did not file a Report and Recommendation in this matter. The case was then set for trial by the District Court.

The case was set for trial, however, on July 20, 2011, Defendant's counsel filed a motion to withdraw citing irreconcilable differences with the Defendant. After a hearing on this matter, the District Court granted the motion to withdraw, and the Defendant stated that he had

retained counsel. However, when retained counsel was not forthcoming, the District Court appointed new counsel on behalf of the Defendant on August 17, 2011. At the request of the Defendant, the matter was continued to December 12, 2011. Further, on December 2, 2011, the Defendant's counsel again filed a motion to continue the trial setting, and the trial was reset to February 13, 2012. On January 15, 2012, Defendant's current counsel (retained counsel) entered his appearance on behalf of the Defendant. Thus, from January 15, 2012 to the present date, the Defendant has had the services of his retained counsel of choice in this matter. On February 13, 2012, the Defendant again filed a motion to continue the trial setting in this matter. The District Judge granted the motion, and reset the trial for May 14, 2012.

**Findings**

On May 7, 2012, seven days before the current trial setting and three and one-half months from the entry of appearance of retained counsel, the Defendant and counsel filed a motion to set aside the waiver of motions and to hold a pretrial hearing on motions to suppress evidence. As reasons for withdrawing the waiver, the Defendant states that he was not fully informed by his previous counsel of his rights relating to the filing and hearing of pretrial motions, and that in a subsequent review of discovery, he has discovered infirmities in the search warrant in this matter that provide a basis for the search of his person and home. On May 7, 2012, the undersigned held a second status hearing on this matter, at which time the Defendant and counsel reiterated the points made in the motion to withdraw the waiver. The undersigned told the Defendant that the undersigned had reviewed the transcript of the waiver, and determined that the Defendant had waived his rights unambiguously, and the Defendant was informed that the evidence would be introduced at trial, and

3

that he would be precluded from objecting to the introduction of evidence if he entered the waiver. The Defendant informed the undersigned that he remembered stating that on the record in April, 2011.

Based on the above, the undersigned concludes the Defendant's motion to withdraw his waiver should not be granted. The Defendant was fully informed of his right to file pretrial motions, and entered both written and oral waivers as to those motions after having been adequately advised of his right to file pretrial motions and to challenge the introduction of physical evidence and statements taken from him. Further, the undersigned concludes that the Defendant's counsel of choice (his retained counsel), had possession of the search warrants and the other evidence in this case for at least three and a half months prior to this motion being filed. If the search warrant in this case was deficient in any way, the undersigned finds that it would have and should have manifested itself prior to one week before the trial setting in this matter. Therefore, the undersigned concludes that, based on the detailed waiver of the Defendant, his recollection of this waiver, and particularly the fact that the request to withdraw the waiver comes at a very late date, the Defendant has not shown good cause to withdraw the waiver.

Therefore, the undersigned finds that the Defendant's motion to withdraw his waiver of motions should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Waiver of Motions, to Extend the Time Permitted to File Pretrial Motions and to Hold a Hearing on Pretrial Motions [ECF No. 82] be **denied.**

                                                  /s/ Terry I. Adelman  
                                       UNITED STATES MAGISTRATE JUDGE

Dated this  8th  day of May, 2012.